UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                  Case No.:   2:25-cv-611-SPC-NPM

MATTHEW WOELK, in his
personal capacity, and
CITY OF PUNTA GORDA,

    Defendants.

## OPINION AND ORDER

Before the Court is Defendants Matthew Woelk and the City of Punta Gorda's motion to dismiss the Amended Complaint. (Doc. 15). Plaintiff Andrew Sheets, proceeding pro se,[1] responded. (Doc. 19). For the below reasons, the Court grants the motion.

On July 2, 2021, Plaintiff protested on a public sidewalk with a flag displaying the words "FUCK JOE BIDEN." Woelk ticketed Plaintiff because

---

[1] Although Plaintiff is proceeding without a lawyer, he has experience as a litigant in federal court. *See, e.g., Sheets v. Angelini et al.*, 2:25-cv-653-SPC-NPM; *Sheets v. City of Punta Gorda, Florida*, 2:24-cv-704-SPC-KCD; *Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-KCD-DNF; *Sheets v. Jimenez et al.*, 2:24-cv-704-SPC; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-KCD-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-KCD-DNF; *Sheets v. Lipker et al.*, 2:25-cv-493-KCD-DNF; *Sheets v. Pribble*, 2:25-cv-500-KCD-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC; *Sheets v. Gorman et al.*, 2:25-cv-612-KCD-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-KCD-DNF; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-DNF.

the flag's message used indecent language, which violated a city ordinance.[2] (Doc. 19 at 5). Plaintiff maintains his protest was lawful and that Woelk "targeted" him for his viewpoint. (Doc. 13 at 5). Plaintiff sues Woelk under 42 U.S.C. § 1983 for First Amendment viewpoint discrimination (Count I), First Amendment retaliation (Count II), and infringement on the right to engage in journalism and protest under the First Amendment (Count III). Plaintiff also sues the City of Punta Gorda, pursuant to *Monell v. Dep't of Social Services of City of New York,* 436 U.S. 658 (1978), for implementing an unconstitutional policy that targets protected speech (Count IV).

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint when a plaintiff does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal,* 556 U.S. 662, 668 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must

---

[2] The city ordinance is no longer in effect, but it was codified at Chapter 26, Section 11.5(z) of the City of Punta Gorda's Code of Ordinances.

allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555.

## Analysis

Defendants argue Plaintiff's suit is time-barred because the statute of limitations period for the claims has expired. "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (citations omitted). The statute of limitations begins "when the facts which would support the cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). Plaintiff's claims accrued on July 2, 2021, the day Woelk issued him the ticket. Therefore, Plaintiff's deadline to file was July 2, 2025. He filed this action on July 11, 2025, nearly ten days past the deadline. Thus, Plaintiff's action is time-barred.

Plaintiff makes two arguments to salvage his case. First, he points to a previous complaint he timely filed on the day of the limitations deadline. *See Sheets v. Woelk*, 2:25-cv-578-SPC-NPM. The Court dismissed the previous complaint because Plaintiff failed to pay the filing fee. In Plaintiff's view, that previous filing "preserved the cause of action," given that the Court's dismissal

3

was "procedural" rather than on the merits. (Doc. 19 at 3). The Court disagrees.

Plaintiff's argument is erroneous because the "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bray v. Bank of Am., N.A.*, 763 F. App'x 808, 811 (11th Cir. 2019) (quotation omitted). Moreover, the filing of a complaint dismissed without prejudice does not "automatically toll the limitations period for a future complaint," regardless of whether the dismissal was procedural. *Miller v. Ga.*, 223 F. App'x 842, 845 (11th Cir. 2007) (citation omitted). So Plaintiff's previous filing does not preserve his claims.

Plaintiff also argues that even if this action is untimely, the limitations period should be equitably tolled. Plaintiff contends that he demonstrated diligence by filing the previous action and expected to receive a cure period to pay the filing fee. (Doc. 19 at 3). In essence, Plaintiff feels the dismissal of his prior case for failure to follow filing rules justifies equitable tolling of this case. This argument is also unpersuasive.

Equitable tolling is an extraordinary remedy that is granted only in cases that compel its usage. *See, e.g.*, *Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008) (explaining that equitable tolling may be granted "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.") (quotation omitted).

4

By contrast, where the untimely filing of a complaint is due to "pro se status," "ignorance of the judicial process," or other mundane forms of negligence, equitable tolling is not warranted. *Bray*, 763 F. App'x at 810. Such is the case here.

The Court declines to equitably toll the statute of limitations in this matter. Plaintiff's predicament is one of his own making. Plaintiff waited until the end of the limitations period to file, which is not a basis by itself to permit equitable tolling. *See, e.g., Winslett v. Nutribullet, LLC*, No. 19-14089-CIV, 2020 WL 3316132, at *3 (S.D. Fla. Mar. 24, 2020) (rejecting equitable tolling argument where plaintiffs waited until the last day of a four-year limitations period to file suit). Plaintiff offers no explanation for waiting to file on the deadline or for the failure to pay the filing fee in the dismissed action. And neither Plaintiff's status as a pro se litigant nor his ignorance of the legal consequences of the dismissal of the prior complaint without prejudice justifies equitable tolling. *See Bray*, 763 F. App'x at 810. So he does not demonstrate his circumstances are "extraordinary" and "unavoidable even with diligence." *Downs*, 520 F.3d at 1319. Plaintiff made his bed, now he must lie in it. Because Plaintiff's case is time-barred, the Court dismisses the Amended Complaint with prejudice. *See Sheets v. Gorman*, No. 2:25-CV-612-KCD-NPM, 2025 WL 2966046, at *2 (M.D. Fla. Oct. 21, 2025) (dismissing Plaintiff's complaint with prejudice for identical reasons).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 15) is **GRANTED**.

2. Plaintiff's Amended Complaint (Doc. 13) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, enter judgment for Defendants, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 30, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record